In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-230 CR


____________________



MICHAEL STONE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Court Cause No. 01-170821-03






MEMORANDUM OPINION


 This is an appeal from a conviction for the misdemeanor offense of Unlawful Carrying
Weapons. See Tex. Pen. Code Ann. § 46.02 (Vernon 2003). Following the verdict of
"guilty," the jury further assessed punishment at confinement in the Montgomery County Jail
for a period of ten days. In his lone issue, appellant complains of reversible error by the trial
court in admitting his written statement, taken during a custodial interrogation by
Montgomery County authorities, as he contends the Miranda (1) warnings were inadequate.

 Appellant was a passenger in a vehicle stopped by Deputy Nicholas Jordan of the
Montgomery County Sheriff's Department on a complaint involving the possible use of a
firearm. Deputy Jordan requested consent to search the vehicle and the driver agreed, both
verbally and in writing. The search turned up a .22 caliber Beretta directly under the front
passenger's seat, the seat in which appellant had been sitting. Deputy Jordan arrested
appellant. 

 At trial, the State sought to introduce a written statement given by appellant to
Detective Monte Morast of the Montgomery County Sheriff's Department. Defense counsel
objected because of the lack of a showing of a knowing and intelligent waiver of
constitutional rights. A hearing out of the jury's presence was conducted. The trial court
overruled appellant's objection and admitted the statement into evidence as State Exhibit 3. 

 Prior to appellant's objection, and in the presence of the jury, the State elicited the
following testimony from Detective Morast, as the detective was describing the events
surrounding the taking of appellant's written statement:

 Q.[State] Please explain the procedure that you followed after the Defendant
waived his rights.


 A.[Morast] Once he waived his rights, I interviewed him verbally. I just
investigated on the initial interview. During the initial interview on the 11th,
he basically related to me what his initial responses were to the responding
Deputy. I took no statement other than a verbal denial that he knew about the
gun. Same story on the 13th. I re-interviewed him. Again, after his rights
were waived, he changed his story, telling me that he did know about the gun. 
In his initial statement that he gave, he said that he gave the gun to one of the
other parties that were involved in the incident. He said that that individual
carried it into the car. Then on his second account was where he actually
placed the weapon into the car. 


 . . . .


 Q. Did the Defendant request that any changes be made to that document?


 A. There was one change added towards the end, yes.


 Q. Did he initial where that change took place?


 A. No, sir. The statement was not -- it was part of the statement. That is
where he changed it. That he gave the gun to the other occupant to where he
placed the gun in the vehicle. He didn't actually hand the gun to another
suspect. He actually placed it in the vehicle under the seat. 


 In Leday v. State, 983 S.W.2d 713, 717-18 (Tex. Crim. App. 1998), the Court of
Criminal Appeals held that overruling an objection to evidence will not result in reversal
when the same evidence was received elsewhere without objection. This rule applies
whether the other evidence was introduced by the defendant or the State. Id. 

 State's Exhibit 3 contains both exculpatory and inculpatory information. At trial, the
lone issue was whether appellant was in possession of the handgun, as appellant had initially
denied any knowledge of the gun or its presence in the car to Deputy Jordan, and
subsequently denied knowledge of the weapon to Detective Morast. In his testimony as set
out above, Detective Morast was permitted to summarize the incriminating portions of the
written statement without objection. We need not decide whether State's Exhibit 3 was
"inadmissible evidence," because even if it was improperly admitted, no reversible error is
presented. See Leday, 983 S.W.2d at 717-18. See also Nesbitt v. State, 958 S.W.2d 952,
955-56 (Tex. App.- -Beaumont 1998, no pet.) ("Inadmissible evidence is harmless if other
evidence admitted at trial without objection proves the same fact that the inadmissible
evidence sought to prove."). Evidence of appellant's knowing possession and control of the
handgun was introduced through Detective Morast's summary testimony without objection. 
 Appellant's issue is overruled. The judgment and sentence of the trial court are
affirmed.

 AFFIRMED.

 PER CURIAM


Submitted on March 3, 2004

Opinion Delivered March 10, 2004

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).